IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00108-MSK-BNB

RONALD RICHARD CREIGHTON, JR.,

        Plaintiff,

v.

UNKNOWN NUMBER OF GREENWOOD VILLAGE POLICE DEPT.,

        Defendants.

**ORDER DISMISSING CLAIMS AND
DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation **(#21)** issued June 6, 2006, that the Plaintiff's claims be dismissed because he has failed to keep the Court informed of his mailing address in accordance with D.C.COLO.LCivR 10.1(M) and 41.1. The Recommendation was mailed to the Plaintiff at his last known address but was returned to the Court as undeliverable. Having considered the Recommendation, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in January 2006, while incarcerated in the Arapahoe County Detention Facility. His last filing in this case occurred on May 9, 2006 **(#12)**. Shortly thereafter, the Court issued an order of reference to the Magistrate Judge **(#13)**. The order was mailed to the Plaintiff but was returned to this Court as undeliverable. Two other subsequent orders **(#16, #18)** were also returned to the Court as undeliverable. The second of these **(#18)**

was an order directing the Plaintiff to show cause by June 5, 2006 why his claims should not be dismissed because he failed to keep the Court informed of his address. The Plaintiff failed to show cause, and the Magistrate Judge issued a Recommendation **(#21)** that the Plaintiff's claims be dismissed.

As a *pro se* litigant, the Plaintiff is required to comply with all rules of this Court. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Plaintiff failed to comply with D.C.COLO.LCivR 10.1(M), which requires a party to notify the Court of a change of address within 10 days of any such change.

Pursuant to D.C.COLO.LCivR 41.1, the Court may dismiss the Plaintiff's claims for his failure to comply with Local Rule 10.1(M). In determining whether the sanction of dismissal is appropriate, the Court considers the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are: (1) the prejudice to the Defendants; (2) the extent to which the Plaintiff's conduct interfered with the judicial process; (3) the Plaintiff's culpability; (4) whether the Court warned the Plaintiff that dismissal was a possible sanction for his conduct; and (5) whether a lesser sanction would have any efficacy.

These factors favor dismissal. The Plaintiff's failure to inform the Court of his mailing address has interfered with any further judicial process in this case. The Court attempted to warn him of the consequences of dismissal, but the warning did not reach him because of his own conduct. Nothing short of a dismissal, without prejudice, will have any impact.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims are **DISMISSED**, without prejudice, and the Clerk of Court is directed to close this case.

Dated this 27th day of June, 2006

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge